**KARIN J. IMMERGUT**
Oregon State Bar No. 96314
United States Attorney
**NEIL J. EVANS**
Oregon State Bar No. 96551
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile: (503) 727-1117
Email:  neil.evans@usdoj.gov
**JAY WILLIAMSON**
Washington State Bar No. 10807
U. S. Department of Labor
Office of the Solicitor
1111 3rd Avenue, Suite 945
Seattle, WA 98101-3212
Telephone: (206) 553-0540
Email: williamson.jay@dol.gov
        Of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE LABOR-MANAGEMENT REPORTING AND DISCLOSURE ACT OF 1959, 29 U.S.C. § 482(c)** |
| v. | |
| LOCAL 290, PLUMBERS, STEAMFITTERS, PIPEFITTERS AND MARINE FITTERS OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, | |
| Defendants. | |

Page 1 -    **Complaint for Declaratory and Injunctive Relief**

Plaintiff Elaine L. Chao, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1.    This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the Act), for a judgment declaring that the January 3, 2006 election of union officers conducted by Local 290, Plumbers, Steamfitters, Pipefitters and Marine Fitters of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of United States and Canada (Defendant), for the office of President and the office of Business Manager/ Financial Secretary-Treasurer is void, and directing the Defendant to conduct new nominations and a new election for the office of Business Manager/Financial Secretary-Treasurer and a new election for the office of President under the supervision of the Plaintiff and for other appropriate relief.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3.    Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

### PARTIES

4.    Plaintiff, Elaine L. Chao, is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action pursuant to section 402 of Title IV of the Act of 1959, 29 U.S.C. § 482(b).

**Page 2 -    Complaint for Declaratory and Injunctive Relief**

5.    Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office at 20210 Southwest Teton Avenue, City of Tualatin, County of Washington, State of Oregon, within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

6.    Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act, 29 U.S.C. §§ 402(i), 402(j) and 481(b).

7.    Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of United States and Canada (International), an international labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act, 29 U.S.C. §§ 402(i) and 402(j).

8.    Defendant, purporting to act pursuant to its Bylaws and the International's Constitution, conducted an election of officers on January 3, 2006, which election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-483.

9.    By unsigned letter dated January 6, 2006, to the International General President, with a copy to the Defendant, the complainant, Michael Warhurst, a member in good standing of the Defendant, protested the Defendant's January 3, 2006 election.

10.    By letter dated April 17, 2006, to the complainant, the International Representative denied the protest.

**Page 3 -    Complaint for Declaratory and Injunctive Relief**

11.    By unsigned letter dated April 20, 2006, the complainant appealed the decision of the International's Representative to the International General President.

12.    By letter dated May 8, 2006, to the complainant, the International General President denied the appeal.

13.    Having exhausted the remedies available under the constitution and bylaws and having received a final decision, the complainant filed a timely complaint with the Secretary of Labor, received on April 13, 2006, within the one calendar month required by section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

14.    By unsigned letter dated January 8, 2006, to the International General President, with a copy to the Defendant, the complainants, Thomas Nelson and Linda Nelson, members in good standing of the Defendant, protested the Defendant's January 3, 2006 election.

15.    By letter dated April 17, 2006, to the complainants, an International Representative denied the protest.

16.    Having invoked the remedies available without receiving a final decision within three calendar months, the complainants filed a timely complaint with the Secretary of Labor, received on May 2, 2006, within the one calendar month required by section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

17.    In a series of letters, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election would be extended to September 25, 2006.

**Page 4 -       Complaint for Declaratory and Injunctive Relief**

18.    Pursuant to Section 601 of the Act, 29 U.S.C. § 521, and in accordance with Section 402(b) of the Act, 29 U.S.C. § 482(b), the Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that violations of Title IV of the Act, 29 U.S.C. §§ 481-483, had occurred in the conduct of the Defendant's January 3, 2006 election and that the violations had not been remedied at the time of the institution of this action.

The following violations occurred during the conduct of the Defendant's aforesaid election:

(a)    Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election by:

(1)    permitting ineligible members to vote in the Defendant's January 3, 2006 election;

(2)    failing to mail an election notice to each member at his last known home address; and

(3)    denying eligible members in good standing the right to vote.

(b)    Defendant violated section 401(g) of the Act, 29 U.S.C. § 481(g), during the conduct of the aforesaid election by using union funds to promote a member's candidacy.

19.    The violations of sections 401(e), and 401(g) of the Act, 29 U.S.C. §§ 401(e) and 481(g), found and alleged above may have affected the outcome of the Defendant's January 3, 2006 election for the offices of President and Business Manager/Financial Secretary-Treasurer.

**Page 5 -    Complaint for Declaratory and Injunctive Relief**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)    declaring the Defendant's election for the offices of President and

Business Manager/Financial Secretary-Treasurer to be null and void;

(b)    directing the Defendant to conduct new nominations and a new election

for the office of Business Manager/Financial Secretary-Treasurer and a new election for

the office of President, under the supervision of the Plaintiff;

(c)    for the costs of this action; and

(d)    for such other relief as may be appropriate.

Dated this 22nd day of September, 2006.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KARIN J. IMMERGUT
United States Attorney

By: _____
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Ste. 600
Portland, Oregon  97204
(503) 727-1000
Attorneys for Plaintiff

JAY WILLIAMSON
Attorney
U.S. Department of Labor
Of Counsel

**Page 6 -      Complaint for Declaratory and Injunctive Relief**